IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 7:19-CV-250** |
| **72.260 ACRES OF LAND, MORE OR** | § | **JURY TRIAL DEMANDED** |
| **LESS, SITUATE IN HIDALGO** | § | |
| **COUNTY, STATE OF TEXAS; AND** | § | |
| **FRIENDS OF WILDLIFE CORRIDOR,** | § | |
| **A TEXAS NONPROFIT** | § | |
| **CORPORATION,** | § | |
| *Defendants*. | § | |

### DEFENDANT'S, FRIENDS OF THE WILDLIFE CORRIDOR, A TEXAS NONPROFIT CORPORATION, ORIGINAL ANSWER

COMES NOW, Friends of the Wildlife Corridor, a Texas Nonprofit Corporation, "Defendant", and hereby files its Original Answer to the United States of America's Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation, and in support files the following;

### RESPONSES TO THE COMPLAINT IN CONDEMNATION (DKT. NO. 1)

1. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2, subject to its objections and defenses stated below.

3. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 1-1).

4. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 1-1).

5. Defendant objects to the extent that the legal description of this property as described in Schedule C ("Legal Description," Dkt. No. 1-1) may not be accurate. This inaccuracy includes, specifically, the possibility that the attached document is not a certified copy from the appropriate Hidalgo County Office giving the correct legal description of the subject property. In addition, Defendant asserts that it owns a full fee simple absolute interest in the approximately 72.260 Acres of Land affected by this condemnation suit. In response to paragraph 5, Defendant admits that the aerial map or plat of these 72.260 Acres of Land in Schedule D ("Map or Plat," Dkt. No. 1-1) appears to be more or less accurate.

6. In response to paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 1-1), Defendant again asserts that it owns a full fee simple absolute interest in the approximately 72.260 Acres of Land affected by this condemnation suit. Defendant also again admits that the aerial map or plat of this acreage in Schedule D (Dkt. No. 1-1) appears to be more or less accurate, but it also again objects to the extent that the legal description of the property in Schedule C (Dkt. No. 1-1) may not be accurate.

7. Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 1-1), constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Federal Rule

of Civil Procedure 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. Defendant asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore request, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation for both the taking and any damages that may result from it.

8. In response to paragraph 8, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 1-1), Defendant asserts that it owns a full fee simple absolute interest in the approximately 72.260 Acres of Land affected by this condemnation suit.

9. To the extent that paragraph 9 requires an answer, Defendant again asserts that it owns a full fee simple absolute interest in the 72.260 acres of land affected by this condemnation suit.

## **RESPONSES TO THE DECLARATION OF TAKING (DKT. NO. 2)**

10. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 3-1).

11. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 3-1).

12. In response to paragraph 3, Defendant objects to the extent that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 3-1) may not be accurate. This inaccuracy includes, specifically, the possibility that the attached document is not a certified copy from the appropriate Hidalgo County Office giving the correct legal

description of the subject property.

13. In response to paragraph 4, Defendant admits that the aerial map or plat of these 72.260 Acres of Land in Schedule D ("Map or Plat," Dkt. No. 3-1) appears to be more or less accurate.

14. In response to paragraph 5, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 3-1), Defendant incorporates its answer from paragraph 6, above.

15. In response to paragraph 6, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 3-1), Defendant incorporates its answer from paragraph 7, above.

16. In response to paragraph 7, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 3-1), Defendant incorporates its answer from paragraph 8, above.

17. As for paragraph 8, Defendant admits that Plaintiff made some efforts to negotiate acquisition of the property interest sought; however, Defendant denies that Plaintiff made best efforts in this endeavor.

## DEFENDANTS' OBJECTIONS AND DEFENSES

18. Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 72.260 Acres of Land Plaintiff seeks. Defendant would show the following:

19. Plaintiff has exceeded its condemnation powers by seeking to conduct surveying and testing needed prior to constructing "related structures" on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority

contained in 8 U.S.C. § 1103(b) note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." To the extent that Plaintiff's stated public purpose fails to define "related structures," Defendant objects. *See* Schedule B, Dkt. No. 1-1, 3-1.

20. Plaintiff has exceeded its condemnation powers by seeking to condemn property that does not lie "along" the U.S-Mexico border. The stated intent to condemn Defendant's property exceeds the grant of authority contained in 8 U.S.C. § 1103(b) note, which provides for construction of fencing situated specifically "*along* the border" (emphasis added). The portion of Defendant's land the Government seeks to condemn lies neither on nor adjacent to the U.S.-Mexico border as defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp. 181, 194 (S.D. Tex. 1945) and the Supreme Court in *U.S. v. States of La., Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960). *See* Schedule D, Dkt. No. 1-1, 3-1.

21. Plaintiff has exceeded its condemnation powers by failing to engage in bona fide negotiations with Defendant. Specifically, Plaintiff initiated the instant proceeding against Defendant's property without either (i) inviting Defendant to fix a price for the interest Plaintiff seeks, or (ii) making best efforts to agree with Defendant on a reasonable price for that interest in line with rational and lawful standards for determining a reasonable price. Defendant objects to the extent that this failure violates 8 U.S.C. § 1103(b)(2) and (3).

22. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local

governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added).

23. To the extent that Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

24. To the extent that waiving federal environmental and other statutes, as outlined in the notice published in the Federal Register on October 11, 2018 by the Department of Homeland Security, may violate federal law or the Constitution, Defendant objects. *See* 83 FR 51472, Doc. No. 2018-22063.

25. To the extent that Plaintiff has failed to comply with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., Defendant objects.

26. To the extent that Plaintiff has failed to conform the proposed condemnation to the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

27. To the extent that Plaintiff has exercised its condemnation authority under 8 U.S.C. § 1103(b) and note in an arbitrary and capricious manner, in violation of the equal protection guarantees of the Fifth Amendment to the United States Constitution, Defendant objects. On information and belief, Plaintiff has exercised its condemnation authority to take the property of small, vulnerable landowners, including Defendant, while leaving other landowners to the undisturbed possession of their estates.

28. To the extent that the land Plaintiff seeks to condemn may be subject to an exception set forth in the Secure Fence Act of 2006 if the topography has an elevation grade greater than ten percent, Defendant objects.

29. Defendant reserves its right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

30. Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

31. Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

32. Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## **RELIEF REQUESTED**

33. For the foregoing reasons, Defendant, Friends of the Wildlife Corridor, a Texas Nonprofit Corporation, respectfully request that the Court:

   a. Enter an order denying the temporary easement Plaintiff seeks. In the alternative, should the Court be inclined to grant the easement requested, then:

   b. Enter an order limiting the duration of the temporary easement to no more than ninety (90) days;

   c. Allow Defendant to recover its expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) and the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable;

    d. Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

    e. Grant Defendant any other relief the Court deems proper.

Dated: August 20, 2019.

                                          Respectfully submitted,

                                          **THE MOORE LAW FIRM**
                                          4900 North 10th Street, Suite F-3
                                          McAllen, Texas 78504
                                          Telephone: (956) 631-0745
                                          Telecopier: (888) 266-0971
                                          Email:lit-docket@moore-firm.com;
                                          paul@gaytanlaw.com

                        By:    */s/ Paul Gaytan*
                                          Paul Gaytan, Of Counsel
                                          State Bar No. 24007233
                                          Southern District Bar No. 23940
                                          **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel on this the 21st day of August, 2019, in the following manner:

Mr. Ryan K. Patrick
United States Attorney
Mr. Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
Fax: (713) 718-3303
E-mail: jimmy.rodriguez2@usdoj.gov
Attorney-in-Charge for Plaintiff


*/s/ Paul Gaytan*
Paul Gaytan