IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|    *Plaintiff*, § | | |
| § | | |
| V. § | | |
| § | CIVIL ACTION NO. 7:19-CV-250 |
| 72.260 ACRES OF LAND, MORE OR § | **JURY TRIAL DEMANDED** |
| LESS, SITUATE IN HIDALGO § | | |
| COUNTY, STATE OF TEXAS; AND § | | |
| FRIENDS OF WILDLIFE CORRIDOR, § | | |
| A TEXAS NONPROFIT § | | |
| CORPORATION, § | | |
|    *Defendants*. § | | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR IMMEDIATE POSSESSION

Defendant, FRIENDS OF THE WILDLIFE CORRIDOR, hereby files its Response in Opposition to Plaintiff's Opposed Motion for Order of Immediate Possession. (Dkt. No. 13).

### BACKGROUND

1. The United States of America filed a Complaint in Condemnation (Dkt. No. 1) and Declaration of Taking (Dkt. No. 3) on July 23, 2019, seeking access to and a temporary easement of approximately 72.260 acres of land owned by Defendant Friends of the Wildlife Corridor. The government seeks access to the land "to conduct surveying, testing, and other investigatory work needed to plan the proposed" border wall along the Texas-Mexico border in the Rio Grande Valley. Dkt. No. 1-1, Schedule B.

2. On October 10, 2019, the Government filed a Motion for Order of Immediate Possession, demanding that Defendant immediately surrender possession of the

condemned estate to the United States for the purposes set forth in the Declaration of Taking. Dkt. No. 13 at 1.

3. Also on July 23, 2019, the Government deposited $100.00 into the court registry as the purported estimated amount of just compensation for the taking described above. Dkt. No. 1-1, Schedule F; Dkt. No. 6.

## ARGUMENT

4. There is no urgency to justify the immediate possession the Government seeks. There are multiple reasons why the Government's motion for immediate possession should be denied at this stage of the proceedings.

5. The government makes two arguments to justify immediate possession: (a) that the easement is being acquired through the Declaration of Taking Act, 40 U.S.C. §3114 ("DTA"); and (b) that immediate possession is necessary in order to meet the Congressional directive to construct fencing in the Rio Grande Valley. As explained below, neither the DTA nor the Congressional directive requires immediate physical possession.

**A. The Declaration of Taking Act does not automatically entitle the Government to take immediate physical possession of the land.**

6. Plaintiff's argument that solely because the Government is pursuing this condemnation under the DTA it is entitled to immediate possession is without merit. Dkt. No. 13 at 2-4. In support of its position, the Government first cites *United States v. Miller*, 317 U.S. 369, 381 (1943). The *Miller* decision did not address "possession" issues. Rather, the issues addressed in *Miller* involved questions respecting standards for valuing property taken for public use. 317 U.S. at 370. The *Miller* decision does not address the requirements

of the DTA's language concerning the timing and terms of possession, the issue now before this Court.[1]

7. The Government also relies on *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984), for its position that the Declaration of Taking Act immediately confers the United States title and a right to possession. Dkt. No. 13 at 3. However, the Supreme Court stated in *Kirby*: "We granted certiorari to resolve a conflict in the Circuits regarding the date on which the taking, in a 'straight-condemnation' proceeding, should be deemed to occur and the constitutional obligation of the United States to pay interest on the adjudicated value of the property." 467 U.S. at 9. *Kirby* involved a "straight-condemnation" proceeding, which has a different statutory basis and is not comparable to the DTA's language regarding the timing, manner and terms on which the Government may take possession of condemned land for surveying purposes in this case.[2] *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 819 (4th Cir. 2004) (contrasting "straight condemnation" and "quick-take" methods of exercising the eminent domain power).

8. The Government finally cites *Narramore v. United States*, 960 F.2d 1048, 1050 (Fed. Cir. 1992), for its position that "Congress enacted the Declaration of Taking Act '[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects.'" Dkt. No. 13 at 4. However, the *Narramore* decision does not address the taking of *possession* issues presented in this case.[3]

---

[1] The language the Government quotes from *Miller* is dicta. 317 U.S. at 381.

[2] It appears from the history of the proceedings described in *Kirby* that in that case the Government did not seek possession until well after a trial on just compensation. 467 U.S. at 9.

[3] In *Narramore*, the landowners' property was condemned for a Corps of Engineers project. 960 F.2d at 1049. Years later, landowners sought to reopen the condemnations because the Government flooded their property. *Id*. The district court granted summary judgment to the Government based on laches but that decision was reversed on appeal. *Id*. On remand the district court refused to transfer the case to the United States Claims Court and granted the motion to reopen the condemnation case. *Id*. The United States appealed. On appeal,

The holding in *Narramore* addresses the Tucker Act, 28 U.S.C.S. § 1491, and does not provide useful guidance to this Court regarding the Government's Motion.

9. The case law cited by the Government does not support its position that it is entitled to immediate possession merely because this is a case under the Declaratory Taking Act. Rather, the DTA provides that upon the filing of the Government's declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner…." 40 U.S.C. § 3114(d)(1).

B. **Immediate physical possession of the land is not necessary to fulfill the purported "congressional directive."**

10. The Government also argues that immediate possession is necessary in order to meet the congressional directive to construct fencing in the Rio Grande Valley Sector. Dkt. No. 13 at 4. However, the Government's basis for its argument is devoid of evidence of urgency that would justify ordering immediate possession. The Secure Fence Act of 2006, which the Government cites as the source of this purported congressional directive, was enacted more than *twelve years* ago. Pub. L. 109-367, § 2, 120 Stat. 2638 (Oct. 26, 2006). In addition, the Government cites to an Executive Order, but the Executive Order was signed on January 27, 2017, more than two years ago. There is not an emergency requiring immediate possession for surveying, given that the Government is bringing this action more than two years after the President signed an Executive Order related to the construction of a border wall, and over *twelve years* after Congress adopted the Secure Fence Act.

---

the court vacated the judgment, and pursuant to the Tucker Act, 28 U.S.C.S. § 1491, remanded the case for transfer to the claims court. *Id*. at 1052.

### C. In the alternative, should the Court be inclined to grant the Government's Motion, the Court should order the Government to give Defendant reasonable notice and compensate any actual damages to the property.

11. For the reasons described above, Defendant respectfully request this Court to deny the Government's Motion in its entirety. In the alternative, should the Court be inclined to grant the Government's Motion, this Court should exercise its authority to set the terms under which the Government may take possession of the land for surveying purposes. 40 U.S.C. §3114(d)(1) ("the court may fix the time within which, *and the terms on which*, the parties in possession shall be required to surrender possession to the petitioner…." (emphasis added)). Should the Government be permitted to take physical possession of Defendant's property for surveying purposes before this action is concluded, Defendant respectfully requests this Court to require the Government to give Defendant reasonable notice of no less than 72 hours before any surveying, testing, or soil sampling activities take place on its property. Under the language of the DTA, the Court has authority to fix the "time" and "terms" on which the Government can take physical possession of the land, and Defendant respectfully asks the Court to exercise such authority in this case. 40 U.S.C. § 3114(d)(1).

12. In addition, should the Government or its contractors cause any actual damages to the property during surveying activities (including without limitation any damage to native habitat), the Court should require the U.S. Government to compensate Defendant for any such actual damages.

## CONCLUSION

13. For the foregoing reasons, Defendant respectfully request that the Court:

   a. Enter an order denying Plaintiff's motion for order of immediate possession;

   b. In the alternative, should the Court be inclined to grant Plaintiff's motion for an order of immediate possession, place reasonable time, place, and manner restrictions on Plaintiff's ability to enter the property, including a requirement that it give reasonable notice to Defendant prior to entering the property and pay for any actual damage; and

   c. Grant Defendant any other relief the Court deems proper.

Dated: October 15, 2019.

                         Respectfully submitted,

                         **THE MOORE LAW FIRM**
                         4900 North 10th Street, Suite F-3
                         McAllen, Texas 78504
                         Telephone: (956) 631-0745
                         Telecopier: (888) 266-0971
                         Email: lit-docket@moore-firm.com;
                         paul@gaytanlaw.com

By:    ***/s/ Paul Gaytan***
        Paul Gaytan, Of Counsel
        State Bar No. 24007233
        Southern District Bar No. 23940
        **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel on this the 15th day of October, 2019, in the following manner:

Ryan K. Patrick - United States Attorney
Megan Eyes - Assistant United States Attorney
N. Joseph Unruh - Assistant United States Attorney
Jimmy A. Rodriguez - Assistant United States Attorney
Southern District of Texas
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Facsimile: (956) 618-8016
E-mail: Megan.Eyes@usdoj.gov
E-mail: Neil.Unruh@usdoj.gov
E-mail: jimmy.rodriguez2@usdoj.gov
**Attorney-in-Charge for Plaintiff**

*/s/ Paul Gaytan*
Paul Gaytan